# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
CARL REED,                            )
                                      )
Plaintiff,                            )
                                      )
    vs.                               )    NO. 2:10-CV-047
                                      )
CHIEF ATTORNEY FOR HAMMOND            )
INDIANA LAW DEPARTMENT, et al.,       )
                                      )
Defendants.                           )
```

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A for the purpose of screening the plaintiff's complaint. For the reasons set forth below, the court **DISMISSES**, pursuant to 28 U.S.C. section 1915A(b)(1), the plaintiff's request that the court order the defendants to release him from the Hammond City Jail and **STRIKES** the complaint in this cause of action, giving the plaintiff the opportunity to file an amended complaint seeking damages.

BACKGROUND

Plaintiff Carl Reed ("Reed"), a prisoner confined at the Hammond City Jail, filed a petition for injunctive relief and civil complaint for civil rights violations, which this court construes as an action brought pursuant to 42 U.S.C. section 1983. Reed

1

seeks damages from the defendants and an order from this court ordering the defendants to release him from the Hammond City Jail.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at

1965. In *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. The Seventh Circuit has read *Twombly* and *Erickson* to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation marks and citations omitted).

The complaint suggests that Reed was arrested for trespass against the St. Margaret Mercy Hospital and was placed in the Hammond City Jail. He seeks damages and injunctive relief,(Complaint at 1), but "[t]he immediate

3

relief petitioned for is enjoinment against the City of Hammond Police Department and the City court of Hammond from detaining Carl Reed . . . and release Carl Reed on his own recogizance . . ..″ (Complaint at 2).

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. section 1983 and 28 U.S.C. section 2254, and concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), *citing Preiser v. Rodriguez*, 411 U.S. at 488-490. Moreover, a civil rights action pursuant to section 1983 and a habeas corpus petition pursuant to section 2254 may not be brought in the same action, and the Seventh Circuit has admonished district courts not to convert civil rights complaints into habeas corpus petitions. *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). Reed's challenge to the fact of his confinement and request for immediate release must be brought in a petition for writ of habeas corpus. Accordingly, the court will dismiss the portion of the complaint seeking immediate release from custody without prejudice to Reed's right to resubmit his request for release from custody in a habeas corpus petition.

Reed's damage claims arise under § 1983.

In order to state a cause of action under 42 U.S.C.

4

> § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Reed alleges violation of several provisions of the United States Constitution, the Bail Reform Act of 1966, the Americans with Disabilities Act, and Indiana's Constitution, but he does not provide facts establishing the defendants' liability. Reed's complaint is a short statement but is not a plain statement, and he does not state what any of the defendants are supposed to have done that violated his federally protected rights.

Section 1915A requires this court to screen prisoner complaints to determine if they state a claim upon which relief can be granted. Reed's complaint does not allege facts showing particular defendants' participation or direct responsibility for violation of any particular constitutional or statutory provision. This lack of information prevents the court from properly screening Reed's damage claims pursuant to section 1915A by determining whether his allegations state a claim upon which relief can be granted against these defendants. The factual detail in Reed's complaint is so sketchy that the complaint does not provide the

5

type of notice of the claim to which the defendant is entitled under Rule 8. *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d at 667. Accordingly, the court will strike the complaint and afford the plaintiff time within which to file an amended complaint containing a short and plain statement of the acts he believes violated his federally protected rights, and provide the type of notice of the claim to which the defendants are entitled under Rule 8.

CONCLUSION

For the foregoing reasons, the court:

(1) **DISMISSES**, pursuant to 28 U.S.C. section 1915A(b)(1), the plaintiff's request that the court order the defendants to release him from the Hammond City Jail without prejudice to his right to raise that claim in a petition for writ of habeas corpus. The court **DIRECTS** the clerk to enclose the materials necessary to file a petition for writ of habeas corpus in this court along with the copy of this order sent to the plaintiff;

(2) **STRIKES** the complaint in this cause of action, and **AFFORDS** the plaintiff until March 1, 2010, within which to file an amended complaint containing a short and plain statement of each event in which he believes his federally protected rights were violated and stating the names of the defendants involved in each incident. The court **DIRECTS** the clerk to enclose the materials necessary to

6

file a prisoner complaint for damages pursuant to 28 U.S.C. § 1983 along with the copy of this order sent to the plaintiff; and

(3) **ADVISES** the plaintiff that if he does not file an amended complaint within the allotted time, the court may dismiss this case without prejudice.


**DATED: January 29, 2010**          **/S/RUDY LOZANO, Judge**
                                     **United States District Court**